**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
          :

CITY OF LONG BEACH, on behalf of itself  :
and all others similarly situated,       :
          :
       Plaintiff,      :
          :
   v.         :   Civil Action No. 1:19-cv-08725-LAK
          :
TOTAL GAS & POWER NORTH     :
AMERICA, INC.; TOTAL, S.A.; and TOTAL :
GAS & POWER, LTD.       :
          :
       Defendants.   :
          :
          :
--------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT TOTAL GAS & POWER NORTH AMERICA, INC.'S**
**RULE 12(f) MOTION TO STRIKE**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dent v. U.S. Tennis Ass'n, Inc.*,
   2008 WL 2483288 (E.D.N.Y. June 17, 2008) ..........................................................................4

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
   2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010)..........................................................................3

*Gruber v. Gilbertson*,
   2019 WL 4458956 (S.D.N.Y. Sept. 17, 2019)..........................................................................3

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
   218 F.R.D. 76 (S.D.N.Y. 2003) ...............................................................................................2

*In re Platinum & Palladium Commodities Litigation*,
   828 F. Supp. 2d 588 (S.D.N.Y. 2011)...................................................................................3, 4

*RSM Prod. Corp. v. Fridman*,
   643 F. Supp. 2d 382 (S.D.N.Y. 2009)......................................................................................2

*United States v. Gilbert*,
   668 F.2d 94 (2d Cir. 1981)........................................................................................................4

**Statutes**

15 U.S.C. § 717u....................................................................................................................................2

**Other Authorities**

*Statement of Admin. Policy Regarding the Process for Assessing Civil Penalties*,
   117 FERC ¶ 61,317 (2006) ......................................................................................................2

**Rules**

Fed. R. Civ. P. 12(f).........................................................................................................................1, 2

i

## I.      INTRODUCTION

Defendant TOTAL Gas & Power North America, Inc. ("TGPNA") moves under Federal Rule of Civil Procedure 12(f) to strike various portions of Plaintiff's Complaint.  The Complaint merely copies, or otherwise makes statements wholly derived from, unadjudicated, preliminary accusations made in 2015 and 2016 by enforcement staff at the Federal Energy Regulatory Commission ("FERC").  Indeed, the lion's share of the Complaint is taken directly from the enforcement staff's April 1, 2016 Report and Recommendation to FERC (the "Staff Report" or "Report").  Plaintiff's wholesale reliance on these unadjudicated, preliminary allegations is improper because they are immaterial as a matter of law.  Pursuant to its authority under Rule 12(f), the Court should strike all allegations in the Complaint traceable to the Staff Report or other statements made by FERC enforcement staff.  As explained in TGPNA's contemporaneously filed Motion to Dismiss, the allegations to be stricken form the core of the Complaint, and none of Plaintiff's claims can be sustained without them.[1]

## II.     BACKGROUND

On September 19, 2019, Plaintiff, the City of Long Beach, filed its Complaint.  Dkt. 1.  The Complaint parrots mere accusations made in 2015 and 2016 by FERC's enforcement staff.  On September 21, 2015, the Commission issued a Notice of Alleged Violations that publicly asserted the enforcement staff's preliminary position that TGPNA had violated the Natural Gas Act and FERC regulations "by devising and executing a scheme to manipulate" gas prices at certain southwestern hubs.  Declaration of Brad Schoenfeldt ("Schoenfeldt Decl.") Ex. 1 (September 21, 2015 Staff Notice of Alleged Violations); *see also id.* Ex. 2 (NGI Article, dated September 22, 2015).  Then, on April 1, 2016, FERC's enforcement staff detailed these accusations in the Report

---

[1]      The facts set forth in the Motion to Dismiss are expressly incorporated herein.

they provided to FERC's Commissioners.  This Staff Report is repeatedly cited and referenced throughout the Complaint.  *See, e.g.*, Compl. ¶¶ 33-38, 49-50, 56-57, 67-68, 78, 83, 87.  Even where the Complaint does not expressly reference the Staff Report, the substantive content of the Complaint is derived from the Report.  *See, e.g.*, *id.* ¶¶ 3-5, 44-48, 57-66.  On April 28, 2016, FERC issued an Order to Show Cause "premised on" the Staff Report.  *Id.* ¶ 38.  On July 12, 2016, TGPNA submitted its Answer contesting the enforcement staff's allegations and denying all wrongdoing.  *See* Schoenfeldt Decl. Ex. 3 ("TGPNA's FERC Answer").  Since TGPNA's FERC Answer was submitted to FERC nearly three and a half years ago, there has been no substantive activity in the matter.  Because the factual allegations in the Staff Report remain unadjudicated, they remain only allegations.[2]

## III.   ARGUMENT

All allegations based on the Staff Report or other statements made by FERC enforcement staff are immaterial and should be stricken from the Complaint.  Under Federal Rule of Civil Procedure 12(f), the Court has the power to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Additionally, "Second Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)."  *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (collecting cases); *see also RSM Prod. Corp. v. Fridman*, 643

---

[2]    The FERC enforcement staff's unadjudicated allegations are within the "exclusive jurisdiction" of the federal courts.  15 U.S.C. § 717u; *see also Statement of Admin. Policy Regarding the Process for Assessing Civil Penalties*, 117 FERC ¶ 61,317 at P 6 n.20 (2006) ("Although the NGA is silent on procedures for assessing civil penalties, the NGA does provide for enforcement of Commission rules and regulations in district court under NGA section 20(a) and collection actions in district court under NGA section 24." (citations omitted)).  Thus, if the enforcement staff's allegations are ever litigated in a FERC enforcement proceeding, the venue for that future proceeding will be a federal court.

F. Supp. 2d 382, 403 (S.D.N.Y. 2009) ("[P]aragraphs in a complaint that are either based on, or rely on, complaints in other actions . . . are, as a matter of law, immaterial."), *aff'd*, 387 F. App'x 72 (2d Cir. 2010). Here, accusations by FERC's enforcement staff in the preliminary stages of an investigation remain unadjudicated. They are thus the exact sort of allegations that courts strike as immaterial. *See, e.g.*, *Footbridge Ltd. v. Countrywide Home Loans, Inc*., 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) ("[D]efendants' motion to strike is granted with respect to the allegations . . . insofar as they are based on pleadings, settlements, and government investigations in other cases.").

The vast majority of the statements in the Complaint, and essentially all of its substantive allegations, are lifted directly from the Staff Report. *See, e.g.*, Compl. ¶¶ 24–113. In fact, the Staff Report is the lone source identified as a basis of Plaintiff's claims at the start of the Complaint, and the very first sentence of the Complaint's "substantive allegations" section is merely an internet link to the Report. *See id.* at 1; *id.* ¶ 24. The word "FERC" appears 65 times in the Complaint, and even this high number of direct references understates Plaintiff's wholesale reliance on the unadjudicated accusations of FERC staff. Even where Plaintiff does not cite to the Staff Report directly or copy it verbatim, almost every factual allegation in the Complaint is derived from the Report.

Courts routinely grant motions to strike in such circumstances. For instance, when faced with essentially the same situation in *In re Platinum & Palladium Commodities Litigation*, 828 F. Supp. 2d 588 (S.D.N.Y. 2011), the court struck all allegations concerning the "underlying facts of liability" drawn from a Commodity Futures Trading Commission ("CFTC") settlement order as immaterial. 828 F. Supp. 2d at 593-95; *see also Gruber v. Gilbertson*, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (striking allegations based on Securities Exchange Commission letters

that were merely "preliminary steps in litigations and administrative proceedings"). The *Platinum & Palladium* court explained that "[a]lthough the CFTC Order included certain factual findings, it nevertheless was . . . not an adjudication of the underlying issues in the CFTC proceeding" and therefore the plaintiffs were "prohibited from relying on [it] to plead the 'underlying facts of liability.'"   828 F. Supp. 2d at 594 (quoting *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981)).

That analysis applies with even greater force here.  Plaintiff impermissibly relies on the Staff Report's unadjudicated factual *allegations*, as opposed to any factual *findings*.  *Cf. id*. at 594-95; *see also Dent v. U.S. Tennis Ass'n, Inc.*, 2008 WL 2483288, at *3 (E.D.N.Y. June 17, 2008) ("[U]nproved allegations of misconduct are not proof of anything.  Thus, courts have stricken allegations in complaints referring to investigations of allegations of wrongdoing, even when conducted by governmental agencies.").  Because allegations in the Complaint that merely parrot allegations made by FERC staff elsewhere are immaterial, they should be stricken.

For reasons explained further in the Motion to Dismiss, once the immaterial allegations are stricken, the Complaint will need to be dismissed.  As in *Platinum & Palladium*, the allegations that must be stricken here "permeate the Complaint," and the Complaint "simply recast[s]" and is "derived wholesale from" the Staff Report.  828 F. Supp. 2d at 593-95.  Because striking these copycat allegations "denudes the Complaint of the specifics of the alleged manipulative trading scheme," dismissal is required.  *Id.* at 595 (dismissing complaint for failure to state a claim following successful motion to strike).  When allegations derived from the unadjudicated accusations of FERC enforcement staff are stricken from the Complaint, only bare and conclusory allegations of liability remain.

## IV.    CONCLUSION

For the foregoing reasons, the allegations in the Complaint traceable to allegations made by FERC enforcement staff should be stricken.

Dated:  November 22, 2019
       New York, New York

                    Respectfully submitted,

                    GIBSON, DUNN & CRUTCHER LLP

                    By:  */s/ Brad Schoenfeldt*
                         Brad Schoenfeldt

                    200 Park Avenue, 48th Floor
                    New York, NY 10166-0193
                    Telephone: (212) 351-4000
                    Facsimile: (212) 351-4035
                    Email:  bschoenfeldt@gibsondunn.com

                    William S. Scherman (*pro hac vice pending*)
                    David Debold (*pro hac vice forthcoming*)
                    Jason Fleischer (*pro hac vice pending*)
                    GIBSON, DUNN & CRUTCHER LLP
                    1050 Connecticut Ave. N.W.
                    Washington, D.C. 20036
                    Telephone:  (202) 955-8500
                    Facsimile:  (202) 467-0539
                    wscherman@gibsondunn.com
                    ddebold@gibsondunn.com
                    jfleischer@gibsondunn.com

                    *Attorneys for Defendant TOTAL Gas & Power North America, Inc.*