**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
CITY OF LONG BEACH, on behalf of itself      :
and all others similarly situated,           :
:
:
Plaintiff,         :
:
v.                              :
:   Civil Action No. 1:19-cv-08725-LAK
TOTAL GAS & POWER NORTH                      :
AMERICA, INC.; TOTAL, S.A.; and TOTAL        :
GAS & POWER, LTD.                            :
:
Defendants.        :
:
:
-----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS TOTAL S.A. AND TOTAL GAS & POWER LTD.'S**
**RULE 12(f) MOTION TO STRIKE**

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dent v. U.S. Tennis Ass'n, Inc.*,
    2008 WL 2483288 (E.D.N.Y. June 17, 2008) ........................................................................5

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
    2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010).........................................................................3

*Gotlin v. Lederman*,
    367 F. Supp. 2d 349 (E.D.N.Y. 2005) ....................................................................................3

*Gruber v. Gilbertson*,
    2019 WL 4458956 (S.D.N.Y. Sept. 17, 2019).........................................................................4

*Low v. Robb*,
    2012 WL 173472 (S.D.N.Y. Jan. 20, 2012) ............................................................................3

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
    218 F.R.D. 76 (S.D.N.Y. 2003) ..............................................................................................3

*In re Platinum & Palladium Commodities Litig.*,
    828 F. Supp. 2d 588 (S.D.N.Y. 2011)..................................................................................4, 5

*RSM Prod. Corp. v. Fridman*,
    643 F. Supp. 2d 382 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010).........................3

*United States v. Gilbert*,
    668 F.2d 94 (2d Cir. 1981)......................................................................................................5

**Rules**

Fed. R. Civ. P. 12(f).................................................................................................................1, 2

## I. INTRODUCTION

Defendants TOTAL S.A. and TOTAL Gas & Power Ltd. ("TGPL") (together, the "Foreign Defendants") move under Federal Rule of Civil Procedure 12(f) to strike portions of Plaintiff's Complaint, Dkt. 1. As explained in the Motion to Strike already filed by Defendant Total Gas & Power North America, Inc. ("TGPNA"), Dkt. 25, the Complaint merely copies, or otherwise makes statements wholly derived from, preliminary accusations made in 2015 and 2016 by enforcement staff at the Federal Energy Regulatory Commission ("FERC"). These unadjudicated accusations are immaterial as a matter of law, and all allegations traceable to them should be stricken from the Complaint pursuant to Rule 12(f). The Foreign Defendants join TGPNA's Motion to Strike in full and also file this separate motion because the handful of substantive allegations in the Complaint relating specifically to TOTAL S.A. and TGPL are among those that should be stricken. Plaintiff improperly relies on the mere accusations of FERC's enforcement staff in attempting to establish both personal jurisdiction over and the liability of the Foreign Defendants, and as explained in the Foreign Defendants' Motion to Dismiss contemporaneously filed herewith, none of Plaintiff's claims against the Foreign Defendants can be sustained without them.[1]

## II. BACKGROUND

TOTAL S.A. is incorporated and headquartered in France, and TGPL is incorporated and headquartered in the United Kingdom. Neither resides, nor transacts any substantial business, in either the United States as a whole or New York specifically. Plaintiff impermissibly attempts to manufacture personal jurisdiction over the Foreign Defendants based on their connections with TGPNA, the U.S. entity whose employees engaged in the natural gas trades at issue in the

---

[1] The Foreign Defendants hereby incorporate by reference all relevant portions of their Motion to Dismiss, as well as TGPNA's motions to strike and dismiss, filed November 22, 2019, Dkts. 25 & 27, as if fully set forth at length herein.

Complaint. Likewise, the asserted liability of the Foreign Defendants is entirely derivative of the asserted liability of TGPNA—an indirect subsidiary of TOTAL S.A. and a horizontal affiliate of TGPL. *See* Compl. Count V ("Total S.A.'s and Total Gas & Power, Ltd.'s Liability for TGPNA's Conduct").

The Complaint parrots preliminary unadjudicated accusations made years ago by FERC's enforcement staff, including those found in an April 1, 2016 report (the "Staff Report" or "Report"). This Staff Report is repeatedly cited and referenced throughout the Complaint. *See, e.g.*, Compl. ¶¶ 33-38, 49-50, 56-57, 67-68, 78, 83, 87. And even where the Complaint does not expressly reference the Staff Report, the substantive content of the Complaint is derived from the Report. *See, e.g., id.* ¶¶ 3-5, 44-48, 57-77. Indeed, Plaintiff relies almost exclusively on unadjudicated assertions in the Staff Report for its allegations regarding TGPNA's purported conduct—the core of its Complaint. *See, e.g., id.* ¶¶ 24-113. The few allegations specifically pertaining to TOTAL S.A. and TGPL are also squarely based on the Staff Report. *See, e.g., id.* ¶¶ 123-30. These include flawed allegations about the relationships among and between the three Defendants that Plaintiff attempts to use as support for its untenable theories that TGPNA was a mere instrumentality or alter ego of the Foreign Defendants. *See id.*; *see also id.* ¶ 160 (broadly alleging that "TGPNA, TGPL, and Total [S.A.] operated as a single economic entity" during the relevant three-year period).

### III.   ARGUMENT

All allegations based on the Staff Report or other statements made by FERC enforcement staff are immaterial and should be stricken from the Complaint. Under Federal Rule of Civil Procedure 12(f), the Court has the power to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Second Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result

in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (collecting cases); *see also Low v. Robb*, 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012) (holding that "[i]t is well settled under Second Circuit law" that allegations in a complaint premised on unadjudicated allegations in other actions are immaterial under Rule 12(f)); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) ("[P]aragraphs in a complaint that are either based on, or rely on, complaints in other actions . . . are, as a matter of law, immaterial."), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *Gotlin v. Lederman*, 367 F. Supp. 2d 349, 363-64 (E.D.N.Y. 2005) ("[C]ourts hold that references in pleadings to administrative investigations that do not result in adjudication of underlying issues are immaterial and can properly be stricken under Rule 12(f)."). Here, Plaintiff relies on unadjudicated accusations that FERC's enforcement staff made in the preliminary stages of an investigation. They are thus the exact sort of allegations that courts strike as immaterial. *See, e.g.*, *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) ("[D]efendants' motion to strike is granted with respect to the allegations . . . insofar as they are based on pleadings, settlements, and government investigations in other cases."); *Gotlin*, 367 F. Supp. 2d at 364 ("Because the allegations [in the complaint] refer to investigations by the attorney general that did not adjudicate any of the underlying issues before the Court, they are stricken.").

The vast majority of the statements in the Complaint, and essentially all of its substantive allegations, are lifted directly from the Staff Report. *See, e.g.*, Compl. ¶¶ 24-113. In fact, the Staff Report is the lone source identified as a basis for Plaintiff's claims at the start of the Complaint, and the very first sentence of the Complaint's "substantive allegations" section is merely an internet link to the Report. *See id.* at 1; *id.* ¶ 24. Plaintiff's attempt to bring TOTAL S.A. and TGPL into

3

litigation against TGPNA rests on only a handful of allegations in the Complaint pertaining to the Foreign Defendants—nearly all of which are drawn directly from the Staff Report. *See, e.g.*, *id.* ¶¶ 123-30. Each allegation about the Foreign Defendants either copies verbatim, expressly cites to, or is otherwise derived from the Report. *See, e.g.*, *id.* ¶ 123 (citing Report); *id.* ¶ 124 (quoting observations of "FERC Enforcement" from Report); *id.* ¶ 125 (citing Report); *id.* ¶ 127 (quoting and drawing conclusions from Report); *id.* ¶ 128 (citing Report); *id.* ¶ 129 (drawing conclusions allegedly "[c]onsistent with what FERC Enforcement observed in its Report" and quoting Report); *id.* ¶ 130 (quoting Report). Not only does Plaintiff blindly rely on the Report for purported facts, it seeks to convert highly conclusory and argumentative assertions into findings. *See, e.g.*, *id.* ¶ 123 ("FERC Enforcement has found that 'the law and facts support holding Total [S.A.] and TGPL liable for TGPNA's . . . conduct.'"); *id.* ("FERC has stated that 'TGPNA should not be allowed to escape accountability due to insufficient funds, and the law and facts support holding Total [S.A.] and TGPL liable to avoid this result.'"); *id.* ¶ 125 ("As FERC Enforcement observed, Total [S.A.] and TGPL acted as a single entity with TGPNA."). Indeed, Plaintiff's claims against the Foreign Defendants depend entirely on these and other conclusions lifted from the Report.

Courts routinely grant motions to strike in such circumstances. For instance, when faced with essentially the same situation in *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588 (S.D.N.Y. 2011), the court struck all allegations concerning the "underlying facts of liability" drawn from a Commodity Futures Trading Commission ("CFTC") settlement order as immaterial. *Id.* at 593-95; *see also Gruber v. Gilbertson*, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (striking allegations based on Securities Exchange Commission letters that were merely "preliminary steps in litigations and administrative proceedings"). The *Platinum & Palladium* court explained that "[a]lthough the CFTC Order included certain factual findings, it

nevertheless was . . . not an adjudication of the underlying issues in the CFTC proceeding" and therefore the plaintiffs were "prohibited from relying on [it] . . . to plead the 'underlying facts of liability.'" 828 F. Supp. 2d at 594 (quoting *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981)).[2]

Because essentially all allegations in the Complaint about TOTAL S.A. and TGPL derive from these immaterial allegations—including the supposed support for Plaintiff's alter-ego theories—striking them will require dismissal as to the Foreign Defendants, regardless of the several other dismissal grounds set forth in their contemporaneously filed Motion to Dismiss. As that other Motion explains, the immaterial allegations are interwoven throughout and form the heart of the Complaint. *See Platinum & Palladium*, 828 F. Supp. 2d at 593-95 (dismissing complaint because allegations that were stricken "permeate[d] the complaint"). Because striking the preliminary, unadjudicated assertions of FERC's enforcement staff "denudes the Complaint of the specifics of the alleged manipulative trading scheme"—as well as any alleged derivative liability premised on those underlying allegations—dismissal is required. *Id.* at 595 (dismissing complaint for failure to state a claim following successful motion to strike).

## IV.    CONCLUSION

For the foregoing reasons, all allegations in the Complaint traceable to statements made by FERC enforcement staff should be stricken.

---

[2] As noted in TGPNA's Motion to Strike, Dkt. 25, such reasoning applies with even greater force in this case since Plaintiff impermissibly relies on the Staff Report's unadjudicated factual *allegations*, as opposed to any factual *findings*. *Cf. Platinum & Palladium*, 828 F. Supp. 2d at 594-95 (striking even an agency's "factual findings"); *see also Dent v. U.S. Tennis Ass'n, Inc.*, 2008 WL 2483288, at *3 (E.D.N.Y. June 17, 2008) ("[U]nproved allegations of misconduct are not proof of anything. Thus, courts have stricken allegations in complaints referring to investigations of allegations of wrongdoing, even when conducted by governmental agencies.").

5

Dated: February 3, 2020
New York, New York

                Respectfully submitted,

                GIBSON, DUNN & CRUTCHER LLP

                By:  */s/ Brad Schoenfeldt*
                      Brad Schoenfeldt

                200 Park Avenue, 48th Floor
                New York, NY 10166-0193
                Telephone: (212) 351-4000
                Facsimile: (212) 351-4035
                Email: bschoenfeldt@gibsondunn.com

                William S. Scherman (*pro hac vice*)
                David Debold (*pro hac vice*)
                Jason Fleischer (*pro hac vice*)
                GIBSON, DUNN & CRUTCHER LLP
                1050 Connecticut Ave. N.W.
                Washington, D.C. 20036
                Telephone: (202) 955-8500
                Facsimile: (202) 467-0539
                wscherman@gibsondunn.com
                ddebold@gibsondunn.com
                jfleischer@gibsondunn.com

                *Attorneys for Defendants TOTAL S.A. and TOTAL Gas & Power Ltd.*