20-2020-cv
City of Long Beach v. Total Gas & Power North America

1:19-cv-08725-LAK

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of December, two thousand twenty-one.

Present:  ROSEMARY S. POOLER,
          JOSEPH F. BIANCO,
                *Circuit Judges*.
          ERIC R. KOMITEE,[1]
                *District Judge*.

CITY OF LONG BEACH, on behalf of itself and all others similarly situated,

               *Plaintiff-Appellant*,

               v.                                                      20-2020-cv

TOTAL GAS & POWER NORTH AMERICA, INC., TOTAL, S.A., TOTAL GAS & POWER LIMITED,

               *Defendants-Appellees*.

Appearing for Appellant:   Solomon B. Cera, CERA LLP, San Francisco, CA.

                            Daniel J. Sponseller, Law Office of Daniel J. Sponseller (*on the brief*), Sewickley, PA.

---

[1] Judge Eric R. Komitee, United States District Court for the Eastern District of New York, sitting by designation.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 27 2021

MANDATE

MANDATE ISSUED ON 12/27/2021

|  |  |
|---|---|
|  | Jeffrey A. Klafter, Klafter Olsen & Lesser LLP (*on the brief*), Rye Brook, N.Y. |
| Appearing for Appellee: | David Debold, Gibson, Dunn & Crutcher LLP ( William S. Scherman, Jason J. Fleischer, *on the brief*), Washington, D.C. |

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

City of Long Beach appeals from the June 9, 2020 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting Total, S.A. and Total Gas & Power, Ltd.'s motion to dismiss for lack of personal jurisdiction, and granting Total Gas & Power Ltd.'s motion to dismiss the complaint, which alleged claims under Section 2 of the Sherman Act, California's Unfair Competition Law, and unjust enrichment, for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm, primarily for the reasons set out in the district court's thorough and well-reasoned opinion. *See City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, (S.D.N.Y. 2020).

Long Beach primarily challenges the district court's finding that it lacked antitrust standing. It brings its claims under Section 2 of the Sherman Act, alleging that Total Gas's manipulations of the market constituted anticompetitive monopoly behavior that forced Long Beach, and other derivative traders, to pay higher prices for purchases and receive lower prices for their sales. "[A]ntitrust standing is a threshold, pleading-stage inquiry and when a complaint by its terms fails to establish this requirement we must dismiss it as a matter of law." *Gatt Commc'ns, Inc. v. PMC Assocs., LLC*, 711 F.3d 68, 75 (2d Cir. 2013) (citations and internal quotation marks omitted). To satisfy antitrust standing at the pleading stage, a plaintiff must plausibly allege two things: (1) "that it suffered a special kind of antitrust injury," and (2) "that it is a suitable plaintiff to pursue the alleged antitrust violations and thus is an efficient enforcer of the antitrust laws." *Id*. at 76 (internal quotation marks omitted).

The district court concluded that price manipulation by a single entity, without more, is insufficient to establish an antitrust injury, because price manipulation on its own "ha[s] nothing to do with competition," and because Long Beach "d[id] not allege that [defendant's strategically-timed trades] involved the willful attainment, maintenance, or exercise of monopoly power." *Long Beach*, 465 F. Supp. 3d at 446; *see also id*. at 447 n.163 (declining to hold that antitrust injury can be established by allegations of paying higher supra-competitive prices or receiving lower sub-competitive prices as a result of a defendant's unilateral rate-manipulation). We agree. To demonstrate the sort of predatory pricing prohibited under Section 2, a plaintiff must plead that the defendant manipulated prices with the goal of eliminating its competitors from the market and that its actions were intended to be exclusionary. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 458 (1993) ("The [Sherman Act] directs itself not against conduct

which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself."); *see also Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 225 (1993) ("Even an act of pure malice by one business competitor against another does not, without more, state a claim under the federal antitrust laws . . . .").

The district court also found that Long Beach could not pursue its claim under California's Unfair Competition Law ("UCL"), which prohibits "unlawful, unfair[,] or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code §§ 17200, et seq. That law provides for only two types of relief: injunctive and restitution. *Id.* at § 17203. It does not provide for the recovery of damages. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (Cal. 2003). "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id.* at 1149. "Restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person." *People ex rel. Harris v. Aguayo*, 11 Cal. App. 5th 1150, 1168–69 (Cal. Ct. App. 2017) (citation and internal quotation marks omitted). "Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest." *Id.* Assuming arguendo that Long Beach has standing, its claim fails because it cannot plead a claim for restitution. There is no indication in the complaint that Long Beach paid inflated prices to Total Gas, or to any entity that would then send funds to Total Gas. Absent any allegation that Total Gas received from Long Beach, either directly or indirectly, any monies in which Long Beach had a vested interest, Long Beach is not entitled to restitution.

We have considered the remainder of Long Beach's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit